## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FULTON Q. GRIFFITH,

      Plaintiff,

-vs-                               Case No.  8:06-CV-709-T-27EAJ

TIRA WIRDELL,

      Defendant.

_____/

## ORDER

This matter is before the Court for consideration of Plaintiff's "Response to Order on

May 2, 2006" (hereinafter "Response"), filed May 16, 2006, *see* Dkt. 6, and request for

permission to proceed on appeal *in forma pauperis*, *see* Dkt. 15.  Having previously found

that the Response was delivered to prison officials for forwarding to the Court within ten

business days of the entry of the judgment in this matter, *see* Dkt. 20, the Court  construes

Plaintiff's Response as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1] *See*

*United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a

judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision

to alter or amend judgment is committed to the sound discretion of the district judge."

*American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th

Cir. 1985). There are four basic grounds for granting a Rule 59(e) motion: (1) manifest errors

of law or fact upon which the judgment was based; (2) newly discovered or previously

unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change

---

[1] Fed.R.Civ.P. 59(e) provides that a party may file a motion to alter or amend a judgment "no later than 10 days after entry of the judgment."

in the controlling law. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.,1994). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). A judgment will not be amended or altered if doing so would serve no useful purpose.

Plaintiff's civil rights complaint was dismissed under *Heck*'s[2] favorable termination doctrine (Dkt. 3). Plaintiff has not presented any newly discovered or previously unavailable evidence in support of his request for reconsideration, and he does not claim that there is an intervening change in controlling law or that it is imperative to correct a clear error related to the dismissal of his complaint. As discussed below, Plaintiff has failed to set forth facts or law of a strongly convincing nature to induce the Court to reverse its finding that the complaint fails to state a claim for which it can grant relief. *See* 28 U.S.C. § 1915A(b)(1).

In the Response, Plaintiff argues that the claim that his prosecution was "in bad faith or harassment" is not subject to *Heck*'s "favorable termination" requirement. Plaintiff urges, instead, that this Court should construe his § 1983 complaint as a request for relief under the Federal Declaratory Judgment Act ("FDJA")[3] and find that: (1) the trial court judge found that while Plaintiff's detention was unlawful, because he used force to resist the officers, the seizure and search incident to his arrest following the struggle was lawful; (2) the evidence establishes that Plaintiff's "prosecution was brought in bad faith by the State of Florida with complete disinterest in rights established by the . . . Constitution;" and (3) Plaintiff had a

---

[2]*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. . . . [A] § 1983 action will not lie unless . . . the conviction or sentence has already been invalidated.").

[3]"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

constitutional right to use reasonable force to resist an unlawful arrest (Dkt. 1 at 10).

Plaintiff's reliance on the FDJA is misplaced. The FDJA does not provide a jurisdictional

basis for an action, but only a remedy for a claim that is properly before the Court. *See GTE*

*Directories Pub. Corp. V. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995).

When read in light of the arguments Plaintiff presented in support of his previously

rejected requests for a non-binding declaratory statement, Plaintiff's goal in prosecuting this

matter becomes somewhat clearer:

> Plaintiff . . . request[s] in prayer that this Hon. Court issue a non-binding statement concerning the two issues . . . before the state court render a[n] arbitrary and capricious decision. . . . The declaratory statement will concern all prior and recanted facts, and this persuasive opinnion [sic] will prevent bad faith decision by state sub agents [sic] in their judicial capacity.

Dkt. 7.

> Plaintiff request this Hon. Court to rule on the above two cases in that the Hon. Court ruling would be in the nature of a Declaratory Judgement [sic] to guide the state court proceeding on July 7, 2006, at his Motion to Withdraw Plea and his motion challenging his conviction for robbery and battery with the recanting affidavit of victim Hill.

Dkt. 9. *See also* Dkts. 8 and 10. Plaintiff's judgments of conviction were entered on February

13, 2003. He was sentenced to a term of 30 years for possession of cocaine with intent to

distribute within 1,000 feet of a school, 5 years for battery on a law enforcement officer, and

5 years for resisting arrest with violence. Clearly a decision by this Court in Plaintiff's favor

would call into question the validity of his state convictions for battery on a law enforcement

officer and resisting arrest with violence.

Plaintiff is attempting to use § 1983 and the FDJA to obtain relief where success would

necessarily undermine the validity of two of his convictions. To find that Plaintiff had a

constitutional right to resist the arresting officer would require this Court to find, albeit

implicitly, that Fla. Stat. § 776.051 is unconstitutional.[4]  It appears that Plaintiff is attempting

to gain a litigation advantage in his state post-conviction proceedings by obtaining an advance

ruling by this Court that the statute under which he was convicted is violative of the federal

constitution.  A ruling in Plaintiff's favor would enable him to obtain a declaration as to the

constitutionality of a state statute without ever having given the state courts a full and fair

opportunity to adjudicate the matter prior to federal review, effectively circumventing the

exhaustion requirements imposed by the federal habeas statutes.  *See Calderon v. Ashmus*,

523 U.S. 740, 747-748 (1998) (inmate's declaratory judgment action challenging the limitation

period to be applied in federal habeas corpus proceedings did not present an Article III "case

or controversy").

Generally, any claim by a prisoner attacking the validity or duration of his confinement

must be brought under the habeas sections of Title 28 of the United States Code.  *Preiser v.*

*Rodriguez,* 411 U.S. 475, 500 (1973).  Voicing concerns for finality and consistency, the *Heck*

court noted its reluctance to expand opportunities for collateral attack.  *Heck v. Humphrey*,

512 U.S. at 485.  It is well-settled that declaratory or injunctive relief claims which are in the

nature of habeas corpus – i.e., claims that undermine the validity of the claimant's conviction

or sentence – are simply not cognizable under § 1983.  *Wilkinson v. Dotson,* 544 U.S. 74, 125

S.Ct. 1242, 1248 (2005) (state prisoners brought an action under § 1983 claiming that certain

---

[4] Modifying the common law doctrine that a person could lawfully use all force necessary to resist an unlawful arrest, *see Bad Elk v. United States*, 177 U.S. 529 (1900), Florida law forecloses the defense of justifiable use of force by a defendant who resists an arrest by a law enforcement officer, regardless of the legality of the arrest. § 776.051(1) Fla. Stat. (2006). "The plain meaning of the language used in this provision limits its application to arrest scenarios." *Tillman v. State,* 934 So.2d 1263, 1269 (Fla. 2006). *See also Miller v. State*, 780 So.2d 197, 198 (Fla. 2d DCA 2001); *Norton v. State*, 691 So.2d 616, 617 (Fla. 5th DCA 1997); *State v. Hartzog,* 575 So.2d 1328 (Fla. 1st DCA 1991) (conviction for offense of battery on a law enforcement officer does not require showing that officer properly arrested suspect). *See also United States v. Danehy*, 680 F2d 1311, 1316 (11th Cir. 1982) ("[T]he common law right to resist an arrest that is not based upon probable cause, suited though it may have been to a past era, has no significant role to play in our own society where ready access to the courts is available to redress such police misconduct." (citations omitted)).

-4-

state parole procedures were unconstitutional); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In the instant case, as his later filings clarify, Plaintiff's request for relief lies "within the core of habeas corpus." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (§ 1983 "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, *where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence"* because such claims fall within the "core" of habeas corpus and are thus not cognizable under § 1983) (emphasis added)).

A state prisoner is required to exhaust state remedies before bringing his claim to a federal court. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). According to Plaintiff, his convictions are currently before the state district court for review on claims of "unreasonable search/seizure. Officer DeValle fabricate a drug deal occurring in his presents [sic] therefore giving cause to arrest [Plaintiff]" (Dkt. 1 at 5). Thus, the complaint cannot be construed as a petition for federal habeas relief.

Plaintiff's reliance on *Steffel v. Thompson*[5] (Dkt. 6) is misplaced. In *Calderon v. Ashmus*, the Supreme Court distinguished the holding in *Steffel*, finding:

> It is the [California prisoners], and not the State, who anticipate filing lawsuits. Those habeas actions would challenge the validity of their state-court

---

[5]Steffel, threatened by the police with arrest for violating a Georgia criminal trespass law if he did not stop distributing anti-Vietnam War handbills on the exterior sidewalk of a shopping center, brought a class action for injunctive and declaratory relief claiming that application of the law to him would violate his First and Fourteenth Amendment rights. *Steffel v. Thompson*, 415 U.S. 452, 454 (1974). The United States Supreme Court held that even though the petitioner had not been prosecuted under the statute, the case presented an "actual controversy," finding that federal declaratory relief is not precluded when a prosecution based on an assertedly unconstitutional state statute has been threatened, but is not pending. *Id.* at 458-62. The *Steffel* court held that "[w]hen no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles." *Id.* at 462.

convictions and sentences; the State will oppose such challenges. The present declaratory judgment action would not completely resolve those challenges, but would simply carve out one issue in the dispute for separate adjudication.

We conclude that this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III.

523 U.S. 740, 749 (1998).

Plaintiff contends that *Younger* and its progeny[6] support his argument that this Court should enter a "nonbinding declaratory judgment" finding that he was entitled to resist arrest. The Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), precluded federal courts from enjoining pending state criminal prosecutions except in case of "a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Id.* at 54. *Younger*'s abstention doctrine is, however, not triggered unless the relief sought in the federal court would create an "undue interference with state proceedings." *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). Plaintiff's criminal prosecution concluded when the judgment of conviction was entered on February 13, 2003. Because the instant case involves an underlying criminal proceeding in which Plaintiff's conviction is final, and because Plaintiff does not assert that he has an appeal of the conviction pending, the relief he seeks would not create any "undue influence." *See id.* Thus, *Younger* has no application here.

To the extent that the complaint may be read as a collateral attack in a federal court against a final state court judgment, Plaintiff's motion for injunctive relief should be denied under the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460

---

[6] Plaintiff also cites the following cases that discuss exceptions to the *Younger* doctrine allowing intervention in those cases where the district court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." *Younger v. Harris*, 401 U.S. 37, 53 (1971) (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)): *Trainor v. Hernandez*, 431 U.S. 434, 443 (1977); *Juidice v. Vail*, 430 U.S. 327, 338 (1977); *Hicks v. Miranda*, 422 U.S. 332, 340 (1975); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975).

U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).   Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court lack subject matter jurisdiction to review the final judgments of state courts. *Id.* at 486.   "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Id*. As Plaintiff acknowledges, *see* Dkt. 7, his goal is to use a declaratory order entered in this Court to preclude a decision unfavorable to him in the collateral challenge he is currently mounting in the state courts.

Finally, reading the response as a request that the Court reconsider the assessment of the filing fee, the assessment must stand.  Prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed.   "A limited exception exists only for prisoners who have 'no assets and no means by which to pay the initial partial filing fee.' . . . . However, 'the prisoner is still *obligated* to pay the *full filing fee* when the money does become available.'" *Rivera v. Allin,* 144 F.3d 719, 722 (11th Cir.) (citation omitted), *cert. dismissed*, 524 U.S. 978 (1998) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir.1997) (finding that "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. . . . Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs")).

ACCORDINGLY, the Court **ORDERS** that:

1.     The "Response to Order on May 2, 2006," construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), is **DENIED** (Dkt. 6).

2.      The Motion for Permission to Appeal *in Forma Pauperis* is **DENIED** (Dkt. 15).

**DONE AND ORDERED** in Tampa, Florida this 3rd day of November, 2006.

JAMES D. WHITTEMORE
United States District Judge

SA:jsh
<u>Copy furnished to</u>: *Pro se* Plaintiff